IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-MJ-8279-GCS-1 |
| | ) |
| RICARDO LITTLE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

On November 8, 2021, this case was scheduled for a detention hearing. At the hearing, the Government informed the Court it was withdrawing its motion for detention (Doc 35). There was no basis for the Court to raise the issue of detention on its own motion (*See* 18 U.S.C § 3142(f)(2) (outlining the circumstances in which the issue of detention can be raised "upon the judicial officer's own motion")). Accordingly, the Defendant was released on bond. The Court imposed the conditions recommended by the pretrial services office. The Court also imposed two conditions that the Government indicated were agreed to as between the Government and the Defendant (*See* Doc. 36, p. 4, Conditions (x) and (y)). One of those conditions now requires reconsideration by the Court. Specifically, the condition that the Defendant cooperate with pretrial services in the search of the residence for firearms in which the Defendant will reside (Doc. 36., p. 4, Condition (x)).

After consultation with pretrial services and further reflection on this subject, the Court declines to impose this condition and it will hereby be **RESCINDED**. The condition, which is identified as condition "(x)" in the Order Setting Conditions of Release (Doc. 36) will not be

1

imposed upon the Defendant and the pretrial services office will not be directed to enforce or apply this condition to the terms of the Defendant's release.

This type of a search condition for a *pretrial releasee* is not a condition that is sanctioned by the pretrial services office. Certainly it is true that the pretrial services office will do its best to police and enforce any and all conditions the Court imposes. But in this instance, the Court believes that the search condition is not appropriate and it will not ask pretrial services to impose it. Although search conditions may be acceptable for a Defendant on supervised release, or even after a Defendant has entered a change of plea, a pretrial releasee is critically distinguishable because a defendant on pretrial release enjoys the presumption of innocence and the Bail Reform Act may not be construed or interpreted to modify or limit this presumption of innocence. *See* 18 U.S.C. § 3142(j). S*ee also United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) (approving a search condition of defendant's home, but noting that the defendant had pleaded guilty and was awaiting sentencing and thus distinguishable from a pretrial releasee awaiting trial and reasoning that a "convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom.");[1] 18 U.S.C. §§ 3142(b) (presumption in favor of pretrial release); 18 U.S.C. § 3142(j). The Eighth Circuit's decision in *Kills Enemy* approved a search condition after the defendant had entered a plea of guilty, but drew a distinction between a pretrial releasee who is awaiting trial and presumed innocent. *Kills Enemy*, 3 F.3d at 1203 ("As with the

---

[1] *Cf United States v. Scott*, 450 F.3d 863 (9th Cir. 2006) (holding that a search condition of a state court pretrial releasee's home still requires a showing of probable cause to conduct the search regardless of whether the pretrial releasee consented to the search condition).

parole and probation cases, there is a heightened need for close supervision of the convicted person's activities to protect society and the releasee himself, and the releasee is entitled only to a conditional liberty.").

Because of this key distinction of a pretrial releasee the Court declines to order the pretrial services office to enforce this condition. Accordingly, condition "(x)" in the Order Setting Conditions of Release (Doc. 36) is hereby **RESCINDED**. All other conditions of the Court's Order remain in full force and effect.

**IT IS SO ORDERED.**

**DATED: November 12, 2021**

s/Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
